# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NURITSA BEKARYAN, | ) | Case No. CV 11-08644-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | REVERSING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | AND REMANDING FOR FURTHER |
| Commissioner of Social Security, | ) | PROCEEDINGS |
| | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On October 20, 2011, Nuritsa Bekaryan ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on January 26, 2012.  On April 10, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and the case

1 | remanded for further proceedings in accordance with this Memorandum Opinion and Order and
2 | with law.

3 | **BACKGROUND**

4 | Plaintiff is a 58 year old female who applied for Social Security Disability Insurance
5 | benefits and Supplemental Security Income benefits on March 11, 2009, alleging disability
6 | beginning June 29, 2008.  (AR 11.)  At the May 27, 2010, hearing, Claimant, by and through her
7 | attorney of record, amended the alleged onset of disability to February 6, 2009.  (AR 11.)
8 | Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of
9 | February 6, 2009.  (AR 13.)

10 | Plaintiff's claims were denied initially on May 5, 2009, and on reconsideration on July 30,
11 | 2009.  (AR 11.)  Plaintiff filed a timely request for hearing, which was held before Administrative
12 | Law Judge ("ALJ") Joseph Lisiecki on May 27, 2010, in West Los Angeles, California.  (AR 41-
13 | 60.)  Claimant appeared and testified at the hearing, and was represented by counsel.  (AR 11.)
14 | Vocational expert ("VE") Gail L. Maron also appeared and testified at the hearing.  (AR 11.)
15 | Medical expert Joselyn E. Bailey, M.D., testified telephonically.  (AR 11.)  The ALJ issued an
16 | unfavorable decision on June 17,  2010.  (AR 11-19.)  The Appeals Council denied review on
17 | August 19, 2011.  (AR 1-6.)

18 | **DISPUTED ISSUES**

19 | As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a
20 | ground for reversal and remand:

21 | 1.    Whether the ALJ's failure to impose any manipulative limitations was supported
22 | by substantial evidence.

23 | **STANDARD OF REVIEW**

24 | Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether
25 | the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.
26 | Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846
27 | (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and
28 | based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 6, 2009, the amended alleged onset date.  (AR 13.)

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: degenerative disc disease of the cervical and lumbar spine, hypertension, depression, and anxiety.  (AR 13. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 14-15.)

The ALJ then found that the Plaintiff had the RFC to perform light work, except including lifting up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking up to 6 hours in an 8-hour workday, and sitting up to 6 hours in an 8-hour workday, with the following restriction: she is limited to simple tasks requiring only simple work-related decisions.  (AR 15.) In determining this RFC, the ALJ also made an adverse credibility determination.  (AR 15.)

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a wax molder as it is generally performed in the national economy.  (AR 19.)  The ALJ determined that this work does not require the performance of work-related activities precluded by Claimant's RFC.  (AR 19.)  The ALJ did not proceed on an alternate basis to step five of the sequential process to determine if there were other jobs in the national economy that Plaintiff could perform.

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 19.)

## DISCUSSION

The ALJ decision must be reversed.  The ALJ's rejection of RFC manipulative limitations is not supported by substantial evidence.

The ALJ's RFC is not supported by substantial evidence.  The ALJ's non-disability determination is not supported by substantial evidence nor free of legal error.

## I.    THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

In general, the ALJ adopted the light work RFC of Dr. Shovek Boyadjian, Plaintiff's treating physician.  (AR 218-19.)  The ALJ, however, did not accept Dr. Boyadjian's manipulative limitations that Plaintiff would be able to only engage occasionally in climbing,

balancing, stooping, kneeling, crouching, crawling, reaching, and fingering.  (AR 18, 219.)  The VE testified that Claimant would not be able to perform her past relevant work as a wax molder if she was limited to only occasional reaching and fine manipulation.  (AR 57.)  The ALJ's rejection of any reaching and fingering limitation is not supported by substantial evidence.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Rollins, 466 F.3d at 883.

**A.     The ALJ Improperly Discounted Dr. Boyadjian's Opinion**

The ALJ failed to provide specific, legitimate reasons supported by substantial evidence for rejecting the occasional reaching and fingering limitations assessed by Dr. Boyadjian.

1.     Relevant Federal Law

Plaintiff's challenges to the ALJ's RFC both concern the ALJ's treatment of the medical evidence.  In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

1    Where a treating doctor's opinion is not contradicted by another doctor, it may be

2  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

3  treating physician's opinion is contradicted by another doctor, such as an examining physician,

4  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

5  supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

6  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

7  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

8  may resolve the conflict by relying on the examining physician's opinion if the examining

9  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

10  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

11  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

12  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

13  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

14  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

15  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

16  examining physician or a treating physician"; such an opinion may serve as substantial

17  evidence only when it is consistent with and supported by other evidence of record.  Lester, 81

18  F.3d at 830-31; Morgan, 169 F.3d at 600.

19    2.    Analysis

20    In determining the Claimant's RFC, the ALJ summarized the diagnostic test results

21  performed by other physicians for Dr. Boyadjian.  (AR 16, 220-25.)  A February 5, 2010, CT

22  scan of the cervical spine showed a 4 mm disc protrusion at C3-4 and C4-5, elevating the

23  posterior longitudinal ligament exacerbated by spondylosis.  (AR 16, 220.)  Nerve conduction

24  studies of the upper extremities documented abnormal conduction velocities, indicating: (1)

25  moderate proximal and distal axonal neuropathy of the left median nerve; (2) moderate

26  proximal axonal neuropathy of the right median nerve; (3) moderate to severe proximal and

27  distal axonal neuropathy of the right radial nerve; and (4) mild to moderate proximal and distal

28  axonal neuropathy of the left radial nerve.  (AR 16, 222.)

1    Based on these test results, Dr. Boyadjian in his April 28, 2010, Medical Source

2  Statement diagnosed degenerative disc disease of the cervical spine and upper extremity

3  neuropathy.  (AR 219.)  Because of these impairments, Dr. Boyadjian opined that Plaintiff could

4  lift 20 pounds occasionally and 10 pounds frequently, and sit, stand and/or walk 6 hours in an 8

5  hour workday.  (AR 18, 218.)  The ALJ adopted these exertional limitations in his RFC.  (AR

6  15.)

7    Dr. Boyadjian also limited Plaintiff to only occasional climbing, balancing, stooping,

8  kneeling, crouching, crawling, reaching, and fingering.  (AR 18, 219.)  The ALJ did not adopt

9  any of these limitations.  The ALJ, however, failed to present specific legitimate reasons

10  supported by substantial evidence for rejecting Dr. Boyadjian's reaching and fingering

11  limitations.

12    The ALJ specifically states that he considered the April 2010 opinion of Dr. Boyadjian,

13  including the reaching and fingering limitations.  (AR 18.)  The ALJ first states that Dr.

14  Boyadjian's progress notes are "cursory" and "contain few, if any, objective findings and instead

15  focus on Claimant's complaints."  (AR 18.)  It simply is untrue that there are no objective

16  findings.  There were considerable diagnostic tests performed by other physicians for Boyadjian

17  that support Dr. Boyadjian's reaching and fingering limitations.  (AR 220-25.)  The ALJ even

18  summarized those diagnostic tests.  (AR 16.)  The ALJ fails to discuss these tests when

19  rejecting Dr. Boyadjian's reaching and fingering limitations.  (AR 18.)  Dr. Boyadjian's progress

20  notes and complaints by Claimant about numbness in her fingers (AR 175) do not undermine

21  the considerable CT scan and nerve conduction evidence.  The ALJ's reasons for rejecting Dr.

22  Boyadjian's reaching and fingering limitations, i.e., cursory progress notes and complaints by

23  Claimant, are not sufficient, specific or legitimate in view of the CT scan and nerve conduction

24  evidence.

25    The ALJ's next reason for rejecting Dr. Boyadjian's reaching and fingering limitations

26  fails for the same reason.  The ALJ states that Dr. Boyadjian "provides very restrictive work-

27  related limitations, but his progress notes do not support his conclusions."  (AR 18.)  Again, the

28

1  diagnostic evidence fully supports Dr. Boyadjian's reaching and fingering limitations and
2  overrides any paucity of discussion of those limitations in his progress notes.

3        The ALJ's statement that, "[o]verall, Dr. Boyadjian's assessment is inconsistent with the
4  bulk of the evidence of record" (AR 18) is a generalized finding unsupported by substantial
5  evidence.  Consulting internist Dr. Lim submitted a report dated July 6, 2009, that found Plaintiff
6  capable of performing a full range of medium work.  (AR 18, 181-184.)  Dr. Lim, however, does
7  not appear to have reviewed other medical evidence of record and his report was issued before
8  some of the CT scans and neuroconduction studies and before Dr. Boyadjian's April 28, 2010,
9  Medical Source Statement.  (AR 218-233.)  The ALJ himself gave Dr. Lim's opinion little weight.
10 (AR 18.)

11       Dr. Joselyn Bailey, a medical expert testifying at the hearing, stated that Dr. Boyadjian's
12 RFC as to reaching and fingering limitations held "water" (AR 49) and there was "no reason to
13 disbelieve it" (AR 51), but expressed concern there was no rationale given for the neuropathy
14 finding (AR 49) and no indication of the degree of disability the neuropathy is causing.  (AR 51.)
15 The ALJ, however, did not rely on this testimony.  In fact, the ALJ afforded Dr. Bailey's opinion
16 little weight, specifically rejecting her view that the record was insufficient to render an opinion.
17 (AR 18.)  Additionally, the opinion of a treating physician generally is given more weight than
18 the opinion of a non-examining physician.  <u>Smolen</u>, 80 F.3d at 1285.

19       Finally, the ALJ opinion is marred by the failure to discuss the diagnostic evidence when
20 rejecting Dr. Boyadjian's reaching and fingering limitations.  It also is marred by the failure to
21 indicate whether upper extremity neuropathy is an impairment and, if so, whether it is a severe
22 impairment.

23       Thus, the ALJ's RFC, by omitting and rejecting Dr. Boyadjian's reaching and fingering
24 limitations, is unsupported by substantial evidence.  The ALJ's non-disability determination is
25 not supported by substantial evidence nor free of legal error.

26 ///
27 ///
28 ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 8, 2012                                    _/s/ John E. McDermott_
                                                      JOHN E. MCDERMOTT
                                                      UNITED STATES MAGISTRATE JUDGE